IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KENYATTA JACKSON (#2014-0802029), | ) |
| Plaintiff, | ) CASE NO. 15 CV 1846 |
| v. | ) JUDGE CHARLES R. NORGLE, SR. |
| SERGEANT DURAN, ET AL., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

### I. Introduction

Plaintiff Kenyatta Jackson, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants, jail officials, violated Plaintiff's constitutional rights by subjecting him to inhumane conditions of confinement. More specifically, Plaintiff alleges that he spent almost two weeks in a cell with a sink that had no running water. This matter is before the Court for ruling on Defendants' motion for summary judgment. For the reasons set forth in this order, the motion is granted.

### II. Standards on a Motion for Summary Judgment

"The court shall grant summary judgment if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Hanover Ins. Co. v. Northern Bldg. Co.*, 751 F.3d 788, 791 (7th Cir. 2014). In determining whether factual issues exist, the court must view all the evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Weber v. Univ. Research Assoc., Inc.*, 621 F.3d 589, 592 (7th Cir. 2010). The Court does not "judge the credibility of the witnesses, evaluate the weight of the evidence, or determine the truth of the matter. The only question is whether there is a genuine issue of fact." *Gonzalez v. City of Elgin*, 578 F.3d 526, 529 (7th Cir. 2009) (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 249-50 (1986)).

To survive summary judgment, the nonmoving party must make a sufficient showing of evidence for each essential element of his case on which he bears the burden at trial. *Blow v. Bijora, Inc.*, 855 F.3d 793, 797-98 (7th Cir. 2017) (citing *Celotex*, 477 U.S. at 322-23). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Blythe Holdings, Inc. v. DeAngelis*, 750 F.3d 653, 656 (7th Cir. 2014) (citations omitted). "A genuine issue of material fact arises only if sufficient evidence

favoring the nonmoving party exists to permit a jury to return a verdict for that party.'" *Johnson v. Manitowoc Cty.*, 635 F.3d 331, 334 (7th Cir. 2011) (quoting *Faas v. Sears, Roebuck & Co.*, 532 F.3d 633, 640-41 (7th Cir. 2008)).

### III. Northern District of Illinois Local Rule 56.1

Local Rule 56.1 (N.D. Ill.) governs the procedures for filing and responding to motions for summary judgment in this judicial district. "Under the Local Rules of the Northern District of Illinois, a party filing a motion for summary judgment under Fed. R. Civ. P. 56 must serve and file 'a statement of material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to a judgment as a matter of law.'" *Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 529 F.3d 371, 382 (7th Cir. 2008) (citation omitted). The opposing party must then file "'a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon.'" *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 632 (7th Cir. 2009) (citing N.D. Ill. R. 56.1(b)(3)(B)); *Fabiyi v. McDonald's Corp.*, No. 11 CV 8085, 2014 WL 985415, at *1 (N.D. Ill. Mar. 13, 2014) (Kim, Mag. J.) (*aff'd* 595 F. App'x 621 (7th Cir. 2014)). The opposing party may also present a separate statement of additional facts that require the denial of summary judgment. *See Ciomber v. Coop. Plus, Inc.*, 527 F.3d 635, 643-44 (7th Cir. 2008).

If a party fails to properly respond to a L.R. 56.1 statement of uncontested facts, then the Court may deem those facts admitted to the extent they are supported by the evidence in the record. *Keeton v. Morningstar, Inc.*, 667 F.3d 877, 880 (7th Cir. 2012); *Parra v. Neal*, 614 F.3d 635, 636 (7th Cir. 2010); L.R. 56.1(b)(3)(C) (N.D. Ill.) ("All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party.").

Consistent with the Local Rules, Defendants filed a "Statement of Material Facts" (R. 139) along with their motion for summary judgment. Each substantive assertion of fact in Defendants' Local Rule 56.1(a)(3) Statement is supported by evidentiary material in the record. Also in accordance with the Local Rules, Defendant filed and served on Plaintiff a Local Rule 56.2 Notice, which explained in detail the requirements of Local Rule 56.1. (R. 141.) The notice warned Plaintiff that a party's failure to controvert the facts as set forth in the moving party's statement results in those facts being deemed admitted. *See, e.g., Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013); *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003).

Despite being advised of summary judgment requirements, Plaintiff's response does not comply with Local Rules. Most critically, both Plaintiff's Statement of Disputed Facts (R. 146) and Declaration in Opposition to Summary Judgment (R. 147) are devoid of any citations to the record. As the U.S. Court of Appeals for the Seventh Circuit has held, "The district court [i]s entitled to seek specific guidance through the record.... A party seeking or opposing summary judgment must support his factual assertions about disputed facts with citations to 'particular parts of the materials in the record,' and the court need consider only the cited materials (though it may consider other materials in the record)." *McKinney v. Office of Sheriff of Whitley Cty.*, 866 F.3d

803, 808 (7th Cir. 2017) (citing Fed. R. Civ. P. 56(c)(1) & (c)(3)). "District courts are not obliged in our adversary system to scour the record looking for factual disputes.[1] Factual allegations not properly supported by citation to the record are nullities." *Banks v. Fuentes*, No. 07 CV 0784, 2012 WL 6184880, at *4 (N.D. Ill. Dec. 11, 2012) (Feinerman, J.) (citing *Malec v. Sanford*, 191 F.R.D. 581, 584 (N.D. Ill. 2000)). And a plaintiff's *pro se* status does not excuse him from complying with these rules. *Morrow v. Donahoe*, 564 F. App'x 859, 860 (7th Cir. 2014) (unpublished opinion) (citing *Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008) (inter alia)).

The Court is nevertheless mindful that a non-movant's failure to respond to a summary judgment motion, or failure to comply with Local Rule 56.1, does not automatically result in judgment for the movant. *Keeton v. Morningstar*, 667 F.3d 877, 884 (7th Cir. 2012); *Love v. Rockford Illinois Mun. Police Dep't*, No. 08 CV 50254, 2013 WL 159246, at *1 (N.D. Ill. Jan. 15, 2013) (Reinhard, J.). "The ultimate burden of persuasion remains with [the movant] to show that [the movant] is entitled to judgment as a matter of law." *Keeton*, 667 F.3d at 880, 884 (citations omitted); *Love*, 2013 WL 159246, at *1. And the Court still views all the facts asserted by the moving party in the light most favorable to the non-moving party, drawing all reasonable inferences in the non-movant's favor. *Keeton*, 667 F.3d at 884; *Love*, 2013 WL 159246, at *1.

With these standards in mind, the Court has incorporated Plaintiff's few additional factual assertions and clarifications to the extent that he could properly testify about the matters asserted, so long as those statements would be admissible at trial and have bearing on the Court's analysis. *See* Fed. R. Evid. 602 (testimony must be based on personal knowledge); Fed. R. Civ. P. 56(c)(4) (affidavits or declarations in support of or opposition to a motion must be based on personal knowledge, and must set out facts that would be admissible in evidence). The Court finds that the following facts, all supported by the record, are undisputed for purposes of the summary judgment motion (or the Court has accepted Plaintiff's account where minor disputes exist):

## IV. Uncontested Facts

Plaintiff Kenyatta Jackson is a pretrial detainee at the Cook County Jail. (R. 139, Defendants' Local Rule 56.1(a) Statement of Material Facts, ¶ 1.) Defendants (Anthony Duran, Katchett Edwards, Toya Hariston, Antoine Malone, and Richard Szul) are all correctional officers at the jail. (R. 54, Third Amended Complaint, pp. 2-3.)

---

1 Defendants, in turn, failed to meet their burden in challenging certain of Plaintiff's assertions. In response to Plaintiff's Declaration in Opposition to Summary Judgment, Defendants repeatedly assert that "the record does not support the purported fact and misrepresents the evidence, specifically, Plaintiff's deposition testimony" *See*, for example, Defendants' Response to Plaintiff's declarations 3, 4, and 6. While Defendants should have flagged the precise contradiction in the deposition testimony, their omission is a non-issue, as Defendants have essentially admitted all of Plaintiff's representations for purposes of summary judgment. *See* R. 148, Defendants' Response to Plaintiff's Rule 56 Statement of Material Facts, n.1.

3

From December 12, 2014, through December 22, 2014, Plaintiff was housed in Division Six, Tier 1R, cell L9. (Defts. Stmnt. Facts, ¶ 3.) According to Plaintiff, the cell's faucet had no running water. (*Id.*, ¶ 4.) The toilet in Plaintiff's cell, however, did work properly. (*Id.*, ¶ 5.)

Plaintiff immediately notified Defendant Malone of the problem. (*Id.*, ¶ 17; R. 147, Declaration of Kenyatta Jackson in Opposition to Summary Judgment ("Pltff Aff."), ¶ 3.) Malone responded, "Welcome to the Cook County Jail." (*Id.*) When Plaintiff reminded Malone later that day that his sink had no running water, the officer responded that it was too late to do anything about it, and that the next shift would have to handle it. (*Id.*)

Plaintiff also informed Defendants Hariston and Duran that his sink was broken. (*Id.*, ¶ 4; Defts Stmnt. Facts, ¶ 19.) Hariston promised to check to make sure that a work order had been submitted. (Pltff. Aff., ¶ 4.)

Three days later, Plaintiff reminded Duran that his cell lacked running water. (*Id.*, ¶ 5; Defts. Stmnt. Facts, ¶ 21.) Duran entered Plaintiff's cell to test the faucet, but only laughed after confirming there was no water. (*Id.*) Plaintiff does not believe that Duran took any further steps to rectify the issue. (Pltff. Aff., ¶ 5.)

Plaintiff also alerted Defendant Edwards, a sanitation officer, about the issue. (*Id.*, ¶ 6; (Defts. Stmnt. Facts, ¶ 20.) Edwards likewise checked to confirm the sink was not working. (Pltff. Aff., ¶ 6.) Plaintiff is unaware of any actions Edwards undertook to resolve the problem. (*Id.*)

Defendant Galati, too, was advised of the problem. (*Id.*, ¶ 7.) But to Plaintiff's knowledge, Galati took no steps to correct it. (*Id.*)

Despite Plaintiff's requests for either a plumber or a cell change, he spent twelve days without a functioning sink in his cell. Defts. Stmnt. Facts, ¶ 14.)

Plaintiff claims to have suffered headaches and dizziness while confined in that cell. (*Id.*, ¶ 15.) A nurse who examined Plaintiff on December 21, 2014, supposedly attributed his symptoms to dehydration. (Pltff. Stmnt. Facts, ¶ 15; Pltff Aff., ¶ 13.)

While housed on Tier 1R, Plaintiff had access to the dayroom for approximately five to six hours every day—at least 2½ hours in the morning, and 2½ hours in the evening--when the facility was not on lockdown. (*Id.*, ¶ 7; R. 146, Plaintiff's Statement of Disputed Facts, ¶ 7; Pltff Aff., ¶ 8.) [Neither party suggests that there was a lockdown during the relevant time period.] The dayroom had three showers, two or three toilets, a urinal, and two wash basins. (Defts. Stmnt. Facts, ¶ 8.) At the time of the events giving rise to this lawsuit, the showers, toilets, and sinks in the dayroom were all functioning properly. (*Id.*, ¶ 9.) However, Plaintiff was locked in his cell every day from about 9 p.m. to around 8:30 or 9:00 the next morning. (Pltff. Stmnt. Disp. Facts, ¶ 7.)

4

Plaintiff was served three meals a day while incarcerated at the jail. (Defts. Stmnt. Facts, ¶ 10.) Breakfast was delivered to his cell, while he ate lunch and dinner either in his cell or in the dayroom. (*Id.*, ¶ 11.) Plaintiff always received an 8-ounce carton of milk with his dinner. (*Id.*, ¶ 12.) Plaintiff also received one "premade beverage" a day. (Pltff. Aff., ¶ 11.) At other meals, Plaintiff was furnished with powdered beverages, which required water to reconstitute. (*Id.*)

Plaintiff possessed a 16-ounce cup. (Defts. Stmnt. Facts, ¶ 13; Pltff. Aff., ¶ 8.) During the time period in question, Plaintiff had unfettered access to water for at least five to six hours per day in the dayroom. (Defts. Stmnt. Facts, ¶ 13.) He could fill up the cup to take to his cell, but he not return to the dayroom after hours to refill the cup. (Pltff. Stmnt. Disp. Facts, ¶ 13; Pltff. Aff., ¶ 10.)

Sometimes Plaintiff was unable to wash his hands after using the toilet. (Pltff. Aff., ¶ 12.)

On December 23, 2014, correctional officials relocated Plaintiff to Division Ten. (Defts. Stmnt. Facts, ¶ 6.) Plaintiff's cell on Tier 2C had a functioning sink. (*Id.*)

Plaintiff does not believe that he suffered any long-term health effects from the alleged 12-day lack of running water in his cell. (*Id.*, ¶ 16.)

## V. Analysis

Even viewing the record in the light most favorable to Plaintiff, the Court finds that Defendants are entitled to judgment as a matter of law. There is no issue of fact as to whether Plaintiff had access to water to drink and to wash himself, as well as to toilet facilities. Under the circumstances of this case, Plaintiff's short-term lack of a sink with running water during the hours he was confined to his cell did not rise to the level of a constitutional violation.

The Fourteenth Amendment's Due Process Clause governs a pretrial detainee's claim based on unconstitutional conditions of confinement. *See Smith v. Walsh*, 803 F.3d 304, 309 (7th Cir. 2015). That said, "there is little practical difference, if any, between the standards applicable to pretrial detainees and convicted inmates when it comes to conditions-of-confinement claims, and ... such claims brought under the Fourteenth Amendment are appropriately analyzed under the Eighth Amendment test." *Id.* at 310; *see also Phillips v. Sheriff of Cook Cnty.*, 828 F.3d 541, 554 n.31 (7th Cir. 2016) (reaffirming this due process standard for deliberate indifference claims by pretrial detainees notwithstanding *Kingsley v. Hendrickson*, --- U.S. ---, 135 S. Ct. 2466, 2475 (2015), which holds that the due process standard for excessive force claims by pretrial detainees is less demanding than the Eighth Amendment standard for excessive force claims by convicted inmates).

Correctional officials may not subject pretrial detainees to conditions that amount to "punishment." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Lewis v. Downey*, 581 F.3d 467, 473 (7th Cir. 2009). "The State must provide an inmate with a 'healthy, habitable environment.'" habitable environment.'" *French v. Owens*, 777 F.2d 1250, 1255 (7th Cir. 1985) (citations omitted). Correctional officials violate the Fourteenth Amendment when they show deliberate

indifference to adverse conditions that deny "the minimal civilized measure of life's necessities." *Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).

To prevail on a conditions-of-confinement claim, an inmate must establish that: (1) he was housed under conditions that were "sufficiently serious so that a prison official's act or omission results in the denial of the minimal civilized measure of life's necessities;" and (2) defendants were deliberately indifferent to that deprivation. *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (quoting *Farmer*, 511 U.S. at 834 (internal quotation marks omitted); *see also Akindele v. Arce*, No. 15 CV 5952, 2017 WL 467683, at *3 (N.D. Ill. Feb. 3, 2017) (Feinerman, J.) (same). These two elements are referred to as the "objective component" and the "subjective component," respectively. *See Wilson v. Seiter*, 501 U.S. 294, 298 (1991); *Akindele*, 2017 WL 467683, at *3.

In the instant case, Plaintiff cannot satisfy the objective element. The Court recognizes that adequate plumbing is "among the minimal civilized measure of life's necessities that must be afforded prisoners.'" *Akindele* at *4 (case concerning toilet facilities) (quoting *Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 670 (7th Cir. 2012)); *see also Mims v. Hardy*, No. 11 CV 6794, 2013 WL 2451149, at *10 (N.D. Ill. June 5, 2013) (Kendall, J.) (collecting cases and observing that "unsanitary conditions of confinement stemming from broken plumbing" may rise to the level of a constitutional violation).

Nevertheless, "nothing in the Constitution requires that each prisoner be provided with clean, cold, warm, or any other form of running water in his cell." *Williams*, 2015 WL 4572311, at *3; *Downs v. Carter*, No. 13 CV 3998, 2016 WL 1660491 at *8 (N.D. Ill. Apr. 27, 2016) (Pallmeyer, J.) (although a lack of running water in one's cell for an extended period of time may be uncomfortable and inconvenient, "[t]here is no constitutional right to running water in a prison cell") (citation omitted). "[A] lack of running water in an inmate's cell is [usually] not a constitutional violation where the inmate has access to drinking water in other prison areas." *Downs*, 2016 WL 1660491 at *8 (quoting *Scruggs*, 2016 WL 344534 at *2); *Williams v. Collins*, No. 14 CV 5275, 2015 WL 4572311 at *3 (N.D. Ill. July 29, 2015) (Kennelly, J.)). Plaintiff had no constitutional right to a basin with running water in his cell.

It therefore stands to reason that going without a working sink for twelve days did not amount to an objectively serious deprivation. "Generally, a week in a cell with broken plumbing is 'an inconvenience,' not a constitutional violation, if the inmate receives three meals a day, each of which is accompanied by beverages." *Downs*, 2016 WL 1660491 at *8 (quoting *Muhammad v. Wilson*, No. 05 CV 0743, 2006 WL 2413710 at *2-3 (N.D. Ill. Aug. 16, 2006) (Leinenweber, J.)). Even if Plaintiff's confinement in a cell that lacked water violated jail rules, a civil rights action under Section 1983 must be based on a constitutional violation. *See, e.g., Holleman v. Penfold*, 501 F. App'x 577, 578 (7th Cir. 2013) (unpublished) (a plaintiff "may not use § 1983 to challenge a violation of state law or prison rules; § 1983 protects plaintiffs only from constitutional violations") (citing *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003); *see also Hernandez ex rel. Hernandez v. Foster*, 657 F.3d 463, 485 n.1 (7th Cir. 2011) (same)). Although special circumstances may support a claim of no water in a cell, *see Downs*, 2016 WL 1660491, at *8 (though inmate received drinking water, the heat index of 110 degrees indicated additional fluids

were needed), Plaintiff here pleads no such aggravating circumstances. Plaintiff's allegations do not describe an objectively serious living condition to support a constitutional claim.

Judges in multiple prior actions have concluded that a short-term plumbing problem, where the inmate otherwise has access to food, drinking water, showers, and alternative bathroom facilities, does not violate the Constitution. *See, e.g., Akindele*, 2017 WL 467683, at *4 (nine days without a working toilet); *Williams v. Collins*, No. 14 CV 5275, 2015 WL 4572311, at *3 (N.D. Ill. July 29, 2015) (Kocoras, J.) ("a lack of running water in an inmate's cell is not a constitutional violation where the inmate has access to drinking water in other prison areas") (but ultimately denying motion to dismiss the complaint because the plaintiff claimed he went 21 hours a day without drinking water); *Mims*, 2013 WL 2451149, at *9 (cell with no running water and a broken toilet for 45 days); *Wilson*, 2006 WL 2413710, at *2 (seven days without working plumbing, where the plaintiff was given three meals a day, including beverages with each meal, "was an inconvenience" and "did not amount to a constitutional violation").

In the case at bar, Plaintiff may have spent twelve days in a cell with a non-working wash basin, but the cell's toilet worked. Moreover, Plaintiff received beverages with meals one to three times a day. In addition, he could drink all the water he wanted during the five to six hours a day he spent in the facility's dayroom. Furthermore, he could bathe in the available showers, as well as wash himself in the available sinks, every day. Because Plaintiff (a) experienced only a short-term deprivation of running water in his cell, and (b) had ample access to alternative water outlets and other liquids throughout the day, the alleged hardship he endured did not approach the objective level of seriousness that would implicate the Fourteenth Amendment. In the absence of any objectively serious deprivation, the Court has no occasion to consider the subjective prong.

In sum, the Court finds that there is no genuine issue as to any material fact. Furthermore, Defendants have established that they are entitled to judgment as a matter of law. Even viewing the record in the light most favorable to Plaintiff, no reasonable person could find that Defendants subjected Plaintiff to conditions that offended the Constitution. Accordingly, Defendants' motion for summary judgment is granted.

Final judgment will be entered in this case. If Plaintiff wishes to appeal, he must file a notice of appeal with this Court within thirty days of the entry of judgment. *See* Fed. R. App. P. 4(a)(1). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. *See Evans v. Ill. Dep't of Corr.*, 150 F.3d 810, 812 (7th Cir. 1998); *Bentz v. Palmer*, No. 12 CV 1753, 2015 WL 1042932, at *5 (N.D. Ill. Mar. 5, 2015). If the appeal is found to be non-meritorious, Plaintiff could be assessed a "strike" under 28 U.S.C. § 1915(g). If a prisoner accumulates three "strikes" because three federal cases or appeals have been dismissed as frivolous or malicious, or for failure to state a claim, the prisoner may not file suit in federal court without pre-paying the filing fee unless he or she is in imminent danger of serious physical injury. *Ibid.* If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* in this Court. *See* Fed. R. App. P. 24(a)(1).

Plaintiff need not bring a motion to reconsider this Court's ruling to preserve his appellate rights. However, if Plaintiff wishes the Court to reconsider its judgment, he may file a motion

under Federal Rule of Civil Procedure 59(e) or 60(b). Any Rule 59(e) motion must be filed within 28 days of the entry of this judgment. *See* Fed. R. Civ. P. 59(e). The time to file a motion pursuant to Rule 59(e) cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A timely Rule 59(e) motion suspends the deadline for filing an appeal until the Rule 59(e) motion is ruled upon. *See* Fed. R. App. P. 4(a)(4)(A)(iv). Any Rule 60(b) motion must be filed within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year after entry of the judgment or order. *See* Fed. R. Civ. P. 60(c)(1). The time to file a Rule 60(b) motion cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A Rule 60(b) motion suspends the deadline for filing an appeal until the Rule 60(b) motion is ruled upon only if the motion is filed within 28 days of the entry of judgment. *See* Fed. R. App. P. 4(a)(4)(A)(vi).

V. **Conclusion**

For the foregoing reasons, Defendants' motion for summary judgment [#138] is granted. The Court instructs the Clerk to enter final judgment in this matter pursuant to Fed. R. Civ. P. 58(a). The case is terminated.

Date: 12-14-17    /s/ Charles Norgle

U.S. DISTRICT COURT
DEC 14 AM 11:13
RECEIVED-EOD